**DIAN ZHI JIANG, Petitioner,**

**v.**

Peter D. KEISLER,[1] Respondent.

No. 07–0102–ag.

United States Court of Appeals,
Second Circuit.

Sept. 27, 2007.

Michael Brown, New York, NY, for petitioner.

Peter D. Keisler, Assistant Attorney General, Patricia A. Smith, Senior Litigation Counsel, Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

*SUMMARY ORDER*

Petitioner Dian Zhi Jiang, a native and citizen of China, seeks review of a Decem-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

ber 14, 2006 decision of the BIA denying his motion to reopen and reconsider. *In re Dian Zhi Jiang,* No. A98 279 073 (B.I.A. Dec. 14, 2006). Jiang also moves this Court to supplement the administrative record with newly available evidence. We assume the parties' familiarity with the underlying facts and procedural history of the case.

### A. Motion to Supplement Administrative Record

■ The INA states that "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). Although we might retain the authority to remand to the BIA for the consideration of new evidence, *see Xiao Xing Ni v. Gonzales,* 494 F.3d 260 (2d Cir.2007), Jiang does not seek remand for consideration of his wife's pregnancy; rather, he seeks only to have us consider that evidence as part of our review of the petition for review. However, as the government notes, it is clear from the statute that our review is confined only to whether the BIA abused its discretion in denying his motion based on the evidence presented to the agency. 8 U.S.C. § 1252(b)(4)(A). Thus, we deny Jiang's "motion to supplement the administrative record."

### B. Motion to Reconsider and Reopen

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005) (internal citations omitted). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains

only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dept. of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

On a motion to reopen, the alien must present evidence that "is material and was not available and could not have been discovered at the former hearing." 8 C.F.R. § 1003.2(c)(1). If Jiang's wife left China after Jiang's hearing, she would not have been available to testify before the IJ; but Jiang did present evidence of his wife's presence here to the BIA as part of his appeal. The BIA construed Jiang's request for consideration of this evidence as a motion to reopen, and found that the evidence was insufficient for that purpose. Thus, the BIA already considered that evidence, and it did not err in construing Jiang's October 2006 motion as a motion to reconsider the rejection of that evidence. *See Matter of H–A–,* 22 I. & N. Dec. 728 (BIA 1999).

■ A motion to reconsider must be filed within 30 days of the decision it seeks to challenge. 8 C.F.R. § 1003.2(b)(1). The BIA first rejected the evidence of his wife's arrival in the United States in July 2006 as part of Jiang's appeal; yet Jiang did not file his motion until October 2006, significantly beyond the 30–day deadline. Accordingly, the BIA did not abuse its discretion in denying Jiang's motion to reconsider as untimely.

As the BIA observed, the only new evidence Jiang presented in support of his motion was that the IJ presiding over his wife's proceedings requested Jiang's presence at her hearing. The BIA did not abuse its discretion in finding that this evidence failed to establish Jiang's *prima*

*facie* eligibility for asylum. Jiang appears to argue that his wife's removal proceedings have some bearing on his own claim. This argument is unavailing, especially where his underlying claim was rejected on credibility grounds. *See Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir.2005).

■ In any event, to the extent that Jiang alleges that he is eligible for asylum based on his wife's alleged forced abortion, Jiang would not be per se eligible for asylum even if he could prove his wife was forced to undergo an abortion. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 304–09 (2d Cir.2007).

For the foregoing reasons, the petition for review and petitioner's motion to supplement the administrative record are DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).